UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

ROGER PACE,

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC

    SERVE:    Corporation Service Company
                     11 South 12th Street
                     Richmond, VA 23219

EXPERIAN INFORMATION SOLUTIONS, INC.

    SERVE:    David N. Anthony
                     1001 Haxall Point
                     Richmond, VA 23219

        Defendants.



CIVIL ACTION NO.

3:11CV554

## COMPLAINT

COMES NOW the Plaintiff, Roger Pace (hereafter, "Pace" or "Plaintiff"), by counsel, and as for his Complaint against the Defendants, he alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (the Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681(p).

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by the FCRA.

4. Defendant Equifax Information Services, LLC (hereafter, "Equifax") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

5. Defendant Experian Information Solutions, Inc. (hereafter, "Experian") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

## STATEMENT OF FACTS

6. In or around September 2009, Plaintiff learned that his identity had been stolen and used to open several accounts. These accounts were opened under his name but without his knowledge or permission.

7. Two of these fraudulently opened accounts were opened with Chase Bank and had account numbers ending in 4605 and 4265 (hereafter, "the accounts").

8. Thereafter, Plaintiff notified Defendants Experian and Equifax, on multiple occasions, that his identity had been stolen, that the accounts had been fraudulently obtained, and that the accounts should not be reported on his credit report. Plaintiff also sent supporting documentation to Defendants Equifax and Experian to support his claim of identity theft.

9. Upon information and belief, in response to Plaintiff's disputes, Defendants Equifax and Experian, through their outsource vendor in the Philippines, Costa Rica and/or India, merely transmitted a two-digit "dispute code" in an electronic ACDV to the furnisher

regarding the account in each instance in accordance with its standard investigation procedures.

10. Defendants Equifax and Experian failed to forward all relevant information regarding the accounts at such time as it processed Plaintiff's disputes.

11. Defendants, in all regards, failed to perform a meaningful and searching inquiry into the substance of Plaintiff's disputes, causing significant damages to the Plaintiff.

12. By way of example only, and without limitation, Equifax and Experian's failure to adequately investigate Plaintiff's disputes regarding his status on the accounts resulted in a negative impact on his credit score, and caused damage to him.

## COUNT ONE:
## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681e(b))

13. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

14. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

15. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

16. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

17. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(1))

18. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

19. Defendant Equifax violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

20. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

21. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

22. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT THREE:
## THIRD CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(2))

23. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

24. Defendant Equifax violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letters.

25. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

26. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOUR:
## FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(4))

28. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

29. Defendant Equifax violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

30. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

31. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FIVE:
## FIFTH CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(5))

33. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

34. Defendant Equifax violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

35. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

36. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15

U.S.C. § 1681o.

37. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SIX:
## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN
## (Violation of 15 U.S.C. § 1681e(b))

38. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

39. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

40. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

41. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SEVEN:
## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

**(Violation of 15 U.S.C. § 1681i(a)(1))**

43. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

44. Defendant Experian violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

45. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

46. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

47. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT EIGHT:
## THIRD CLAIM FOR RELIEF AGAINST EXPERIAN
**(Violation of 15 U.S.C. § 1681i(a)(2))**

48. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

49. Defendant Experian violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it

received in Plaintiff's dispute letters.

50. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

51. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

52. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT NINE:
## FOURTH CLAIM FOR RELIEF AGAINST EXPERIAN
## (Violation of 15 U.S.C. § 1681i(a)(4))

53. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

54. Defendant Experian violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

55. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

56. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

57. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TEN:
## FIFTH CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(5))

58. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

59. Defendant Experian violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

60. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

61. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ROGER PACE**

By: _/s/ Matthew J. Erausquin_
Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com