**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

ROGER PACE,

    Plaintiff,

v.                                                                        Civil Action No. 3:11-cv-554

EQUIFAX INFORMATION SERVICES
LLC and EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), by and through counsel, files its answer and defenses to Plaintiff's Complaint ("Complaint").

**PRELIMINARY STATEMENT**

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required. Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

## ANSWER

In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act ("FCRA") and seeks actual, statutory and punitive damages, costs and attorney's fees. Equifax denies that it violated the FCRA, or other law, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax admits that this Court has personal jurisdiction over Equifax under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax admits that it is a Georgia limited liability corporation conducting business in the Commonwealth of Virginia and that it is a consumer reporting agency as that term is defined in the FCRA. Equifax denies the remaining allegations in Paragraph 4.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8. Responding to the allegations in Paragraph 8, Equifax states that it received several disputes from Plaintiff stating that he was the victim of identity theft and that he included

documents with some of his disputes.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies those allegations.

9. Responding to the allegations in Paragraph 9, Equifax states that it conducted a reinvestigation of the information disputed by Plaintiff and provided Plaintiff with the results of the reinvestigation.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax denies the allegations in Paragraph 10 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax denies the allegations in Paragraph 11 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax denies the allegations in Paragraph 12 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

14. Equifax denies the allegations in Paragraph 14.

15. Equifax denies the allegations in Paragraph 15.

16. Equifax denies the allegations in Paragraph 16.

17. Equifax denies the allegations in Paragraph 17.

18. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

19. Equifax denies the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax denies the allegations in Paragraph 21.

22. Equifax denies the allegations in Paragraph 22.

23. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

24. Equifax denies the allegations in Paragraph 24.

25. Equifax denies the allegations in Paragraph 25.

26. Equifax denies the allegations in Paragraph 26.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

29. Equifax denies the allegations in Paragraph 29.

30. Equifax denies the allegations in Paragraph 30.

31. Equifax denies the allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32.

33. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

34. Equifax denies the allegations in Paragraph 34.

35. Equifax denies the allegations in Paragraph 35.

36. Equifax denies the allegations in Paragraph 36.

37. Equifax denies the allegations in Paragraph 37.

38. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies those allegations.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies those allegations.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies those allegations.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies those allegations.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies those allegations.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies those allegations.

48. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies those allegations.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies those allegations.

51. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies those allegations.

52. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies those allegations.

53. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies those allegations.

55. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies those allegations.

56. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies those allegations.

57. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies those allegations.

58. Equifax restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

59. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies those allegations.

60. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies those allegations.

61. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies those allegations.

62. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies those allegations.

Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

## THIRD DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

**FOURTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**FIFTH DEFENSE**

Plaintiff has not sustained any damages.

**SIXTH DEFENSE**

Plaintiff's damages, if any, were caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

**SEVENTH DEFENSE**

Plaintiff has not alleged any injury in fact.

**EIGHTH DEFENSE**

Plaintiff has failed to mitigate his damage, if any.

**NINTH DEFENSE**

Some or all of Plaintiff's claims against Equifax may be barred by the applicable statute of limitations.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

**ELEVENTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S.

559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

## TWELFTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

## THIRTEENTH DEFENSE

Equifax asserts that venue is improper.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax be dismissed as a party to this action;

(3) That Equifax have a trial by jury on all issues so triable;

(4) That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5) That Equifax recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 30th day of September, 2011.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
matt@clalegal.com
*Attorney for Plaintiff*

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com